Filed 02/02/24

VERMONT SUPERIOR COURT
Caledonia Unit
1126 Main Street Suite 1
St. Johnsbury VT 05819
802-748-6600
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 23-CV-04901



| Seedway LLC v. Northeast Agricultural Sales, In et al |
|---|

## ENTRY REGARDING MOTION

Title:        Motion to Dismiss; Motion to Dismiss; Motion to Amend Complaint for Failure to State a Claim / Francine Choiniere Only; Count 1 / NAS & James Choiniere and Count 2 & 3 / James Choiniere only;  (Motion: 3; 4; 6)
Filer:        Vincent Illuzzi; Vincent Illuzzi; Marcus Webb
Filed Date:    December 18, 2023; December 18, 2023; January 18, 2024

The motion is GRANTED IN PART and DENIED IN PART.

Plaintiff Seedway, LLC has filed a motion to amend in the wake of Defendant Northeast Agricultural Sales, Inc. and the Choiniere Defendants Motions to Dismiss.  The issues of all three motions are intertwined as Plaintiff Seedway seeks to recover money that it claims is owed for seed products that it advanced to the Defendants, and Defendants seek to dismiss claims against the individual Choiniere Defendants based on the lack of personal liability for corporate debts and contractual obligations.

More specifically, the Defendants Motions seek to dismiss claims that they believe were wrongly filed against them, and Plaintiff seeks to amend its Complaint to address these weaknesses and cure them with additional information and revised claims.  As a matter of judicial economy, the Court will address Plaintiff's motion to amend and work backward to see if any of Defendants' objections survive the amendment process.

*Motion to Amend*

Plaintiff originally filed a complaint (1) alleging violations of a sales agreement under Article 2 of the Uniform Commercial Code (9A V.S.A. § 2-101, et sec.) between Seedway, LLC and Northeast Agricultural Sales, Inc.; (2) seeking enforcement of a personal guaranty from James Choiniere on the sales agreement; and (3) claiming unjust enrichment against James and Francine Choiniere.

In its Motion to Amend, Plaintiff has revised its complaint to (1) claim unjust enrichment against Northeast Agricultural Sales, Inc.; (2) seek quantum meruit against Northeast Agricultural Sales, Inc.; and (3) allege liability on the judgment against James and Francine Choiniere. If allowed, the complaint would remove the UCC and Personal Guarantee Claims as well as shift the equitable claims from the Choinieres to Northeast Agricultural Sales, Inc., leaving only a secondary contribution claim pending against the Choinieres. If granted, this amendment would largely render the Defendant's second motion to dismiss the personal guarantee and unjust enrichment claims moot.

As Plaintiff notes, Vermont has a long tradition of liberally permitting amendments to pleadings under Rule 15. *Lillicrap v. Martin*, 156 Vt. 165, 170–71 (1991). While this is the general rule, the Vermont Supreme Court has put some limitations on a motion to amend where there is (1) undue delay; (2) bad faith; (3) futility to the amendment; or (4) prejudice to the opposing party. *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 4.

In this case, Defendants have objected to the motion to amend on two grounds. First, Defendants note that a claim of quantum meruit is founded on a theory of services, which were not rendered by Plaintiff to Defendants in this case. *Maisello Real Estate, Inc. v. Matteo*, 2021 VT 81, ¶ 29. Second, Defendants object to Plaintiff's third claim, which relies upon the Vermont Supreme Court's decision in *Daniel v. Elks Club Hartford*, 2012 VT 55, ¶¶ 44–54. Defendants argue that the holding of *Daniels* is distinguishable from the present case as *Daniel* was based on judgment rendered against a unincorporated association that had operated as such for 19 years. Defendants note that Northeast Agricultural Sales, Inc. operated as a validly registered corporation throughout its active existence and only became unregistered after its assets were sold and it stopped doing business.

Taking the issue about quantum meruit first, Defendants raise a valid objection. As the Restatement explains, "a claim styled "quantum meruit" typically seeks compensation for services rendered in the expectation of payment, but in the absence of explicit agreement as to amount." RESTATEMENT (THIRD) OF RESTITUTION ¶ 31, cmt. e (2011). Plaintiff Seedway makes no allegation that it rendered services to Plaintiff or that its agents performed work that should be compensated at "customary wage or going rate." Id. Looking at the amended complaint, Plaintiff only includes claims for goods provided to Northeast Agricultural Sales without compensation and makes no assertion regarding services.

Given that this is a dispute in which Plaintiff claims a right to compensation for goods provided, the claim is outside the scope of quantum meruit and lies entirely as a claim for unjust enrichment. As the Restatement notes, "[i]n such a case it would be erroneous to associate 'quantum meruit' with a liability in unjust enrichment, or to view the plaintiff's action as one for restitution rather than contract damages." Id. The Vermont Supreme Court has noted that there is a long and substantial confusion between the terms restitution, unjust enrichment, and quantum meruit. *In re Estate of Elliott*, 149 Vt. 248, 253 n.2 (1988). It is enough for the Court to note that without a claim for services, Plaintiff's sole equitable claim for payment is limited to a theory of restitution and unjust enrichment. For this reason, the Court finds that allowing Plaintiff's second claim would be futile and strikes it from the amended complaint.

Turning to Plaintiff's claim for contributions from the Choiniere Defendants based on the right to recover from members of an unincorporated association, the issue revolves around facts that are not presently or properly before the Court. In *Daniels*, the Vermont Supreme Court allowed a judgment creditor to seek payments and contributions from individual members of the Hartford Elks Club based on the fact that the Club had allowed its corporate registration to lapse for 19 years and effectively acted to discriminated against female applicants as an unincorporated association, which under 12 V.S.A. § 5060 opens its members to secondary contractual liability. *Daniels*, 2012 VT 55, at ¶¶ 43–45.

In the present case, there does not appear to be a dispute that Northeast Agricultural Sales, Inc. was an registered and valid corporation when it ordered, received, and was invoiced for the seeds supplied on credit from Plaintiff. It also appears that Northeast Agricultural Sales, Inc. remained incorporated through the sale of its assets to a third-party buyer in the fall of 2022.

It is also undisputed that Northeast's incorporation lapsed beginning in January of 2023, the period following the sale when Northeast Agricultural Sales, Inc. was presumably holding assets from the sale and during, which time, it is alleged to have recognized and notified Seedway, LLC as a valid creditor that it was seeking to make final payments as part of its dissolution process. 11B V.S.A. § 14.06. The question, then is not whether Northeast Agricultural Sales, Inc. had incurred the debt as an incorporated or unincorporated entity, but rather whether (1) it acted properly in the distribution of assets to creditors and (2) if it did such as a corporation or as an unincorporated association.

This distinction is important to the issue of liability and Plaintiff's theory of liability as the Court understands it.. A corporation that is winding down its business has an obligation to identify all known and unknown claimants and to inform them of the corporation's dissolution. 11B V.S.A. §¶ 14.06 and 14.07. Then the corporation must make payments to claimants in order of priority from available funds before any distributions to shareholders can be made. 11B V.S.A. § 14.08(a)(2). If the corporation is found to have made distributions to shareholders before it made payments to creditors, then there is liability, and if that liability was incurred while Northeast was an unincorporated association, then it raises potential issues of contribution. This is sufficient for the Court to find that this amendement is not futile and may be allowed. In doing so, the Court expresses no opinion on the ultimate merits or likelihood of success on the claim. That determination will depend, in part, on facts that are not before the Court. Specifically, how Northeast Agricultural Sales, Inc. notified its creditors and distributed any profits from the sale of its enterprise. These issues can only be resolved after an opportunity for discovery.

For these reasons, Plaintiff's third amended claim for liability on the judgment is sufficient for the purposes of V.R.C.P. 15(a). The Court **Grants** Plaintiff Seedway, LLC's motion to amend its complaint with the exception of Count II for quantum meruit, which is denied based on the lack of factual or legal foundation to allege since no services were involved in the parties' compensation dispute.

*Motion to Dismiss (Francine Choiniere)*

Defendant's first motion to dismiss seeks to dismiss Francine Choiniere based on the original complaint, which sought to name her as a defendant based on a theory of unjust enrichment. The revised complaint, as discussed above, eliminates this claim against Ms. Choiniere in lieu of a secondary contract claim. Since the Motion to Amend has been granted, the prior claim for unjust enrichment has been dismissed, and Defendant's motion to dismiss is **Moot** as the relief sought has been granted and the unjust enrichment claim is dismissed.

*Motion to Dismiss (James Choiniere and Northeast Agricultural Satles, Inc.)*

Defendants' second motion to dismiss seeks to dismiss Plaintiff's second original claim based on an alleged personal guaranty, Plaintiff's UCC claim, and the unjust enrichment claim against James Choinere. As with the previous motion to dismiss, Plaintiff's amended complaint has resolved these issues by eliminating the UCC claim, the personal guarantee claim, and the individual

unjust enrichment claim. This renders the second motion to dismiss **Moot** as the relief sought has been granted.

**ORDER**

Based on the review of the motions, Plaintiff's motion to amend is **Granted in Part** to allow for Counts I and III. Plaintiff's Motion to allow an amended claim of quantum meruit is **Denied.** Plaintiff shall file a clean copy of the complaint no later than 14 days from the date of this Order, and Defendants shall have 21 days to file an answer or dispositive motion. Following the filing of an answer or resolution of a dispositive motion, the Court will set this for a preliminary status conference.

Defendants' motions to dismiss are **Denied as Moot** based on the amendment of Plaintiff's complaint and elimination of all claims to which Defendants have objected in their motion to dismiss.

Electronically signed on 2/1/2024 5:26 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge